**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| LAKHAN RATHEE | § | |
| | § | |
| Plaintiff, | § | Civil Action No.: 4:13-cv-370 |
| | § | |
| v. | § | |
| | § | |
| FRISCO INDEPENDENT | § | JURY TRIAL DEMANDED |
| SCHOOL DISTRICT | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Lakhan Rathee (hereinafter referred to as "Plaintiff" or "Rathee"), brings this action against Defendant Frisco Independent School District (hereinafter referred to as "Defendant" or "FISD") , for violating federal law and shows as follows:

### I.   PARTIES

1.   Plaintiff Lakhan Rathee is resident of the state of Texas.

2.   Defendant, FISD is a school district organized under the laws of the state of Texas.  FISD may be served with citation, including a copy of this Complaint, by serving the FISD superintendent of schools, Jeremy Lyon, 5515 Ohio Drive, Frisco, Texas 75035, or wherever he may be found.

### II.   JURISDICTION AND VENUE

3.   This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331, 28 U.S.C. § 1343, 28 U.S.C. § 1367 for all claims Rathee asserts under federal and state laws.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because FISD resides in Collin County, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this cause of action occurred in Collin County.

### III. CONDITIONS PRECEDENT

5. All conditions precedent to filing this cause of action have been met.

6. Mr. Rathee filed his charge within 300 days after being terminated from FISD.

7. The EEOC issued a right to sue letter on April 4, 2013.

8. This action is filed within ninety (90) days of Plaintiff's receipt of the Notice of the Right to Sue Letter from the EEOC.

9. Mr. Rathee has timely exhausted all of his administrative remedies.

### IV. AGENCY

10. Whenever it is alleged in this Complaint that Defendant did or failed to do any act or thing, it is meant that such commission or omission was performed or omitted by an agent, servant, or employee of said entity, and that in each instance the said agent, servant, or employee was then acting for an on behalf of said entity and within the scope of his/her employment or within the authority delegated to him/her by said authority.

### V. FACTS

11. At all times relevant to this case, Defendant has been an "employer" within the meaning of Title VII. Defendant is engaged in commerce or in an industry or activity affecting interstate and intrastate commerce and has employed the requisite number of persons for the requisite durations under Title VII.

12. Plaintiff is an Asian American male of Indian national origin with an apparent accent.

13. At the time of the incident, Plaintiff was almost 77 years of age and had over 25 years of experience as a teacher, primarily teaching high school in New Jersey and Texas public school systems.

14. In 2009, Plaintiff began serving as a substitute teacher for FISD.

15. Plaintiff carried out his duties with FISD with excellence.

16. On or about February 15, 2011, Plaintiff received an email from FISD stating that he was assigned to Sonntag Elementary School in FISD from 7:30am to 3:30pm.

17. On the morning of February 15, 2011, Plaintiff arrived at Sonntag Elementary School dressed as a teacher with his FISD teacher identification card around his neck and apparent to anyone.

18. Plaintiff attempted to follow another Caucasian female teacher in through the teacher entrance on the side of the building which was card access.

19. Despite having his teacher identification card and informing the teacher that he was a substitute teacher, the Caucasian female FISD employee stated, "I cannot let you in, you look dangerous."

20. Plaintiff again explained he was a substitute and showed his identification card.

21. The Caucasian female FISD employee would not allow access and closed the door.

22. Plaintiff was forced to enter through the main entrance only to find that his assignment had been cancelled.

23. The same day, Plaintiff was called by Mr. Brad Longfellow, the Director of the Substitute department at FISD, for a meeting scheduled the next day.

24. Plaintiff arrived at Mr. Longfellow's office to be greeted by Mr. Longfellow, FISD Security Director and a Frisco Police Officer.

25. Without an opportunity to present his side of the story, Plaintiff was read a complaint against him and issued a Criminal Trespass Warning by the Frisco Police Department.

26. Plaintiff was then terminated from his position as substitute teacher at FISD and never called back again.

27. Plaintiff was not allowed to participate in any investigation and was simply summarily disciplined and issued a criminal trespass warning.

28. At all times relevant to this Complaint, Plaintiff has performed his job duties satisfactorily.

29. As a result of Defendant's actions, Plaintiff has suffered harm in the form of financial damages, extreme emotional and mental distress, humiliation and loss of enjoyment of life.

## VI.    CAUSES OF ACTION

**COUNT I:    Race and National Origin Discrimination under Title VII**

30. Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein.

31. Plaintiff is an Asian American and thus a member of a protected class.

32. FISD discriminated against Mr. Rathee because of his race/national origin, and summarily terminated him without proper investigation or opportunity for Mr. Rathee to present his side of the story. In addition, FISD unjustifiably initiated a criminal process against Mr.

Rathee by reporting the incident to the Frisco Police Department who then issued an illegitimate Trespass Warning.

33. Defendant's discriminatory actions violate 42 U.S.C. §2000e-2(a).

34. Defendant's discriminatory acts adversely affected the terms, conditions and privileges of Plaintiff's employment.

35. Defendant acted maliciously and/or recklessly with knowing disregard of Plaintiff's federally protected rights.

36. Plaintiff has suffered substantial harm as a result of Defendant's discriminatory acts.

37. As a further result of Defendant's unlawful discriminatory actions, Plaintiff has suffered compensatory damages by reason of future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages for which he hereby sues.

38. At all times relevant to this action, Defendant acted with malice or reckless indifference to Plaintiff's federal protected rights; thus entitling his to punitive damages.

39. To redress the injuries sustained by Plaintiff on account of Defendant's actions, Plaintiff has retained the undersigned counsel to represent him in this action. Plaintiff therefore seeks recovery of his reasonable attorneys' fees, expert fees, and costs.

**COUNT II:   Race and National Origin Discrimination and Harassment under 42 U.S.C. §1981**

40. The foregoing paragraphs are incorporated herein as though fully set forth.

41. FISD had a contractual relationship with Plaintiff for employment as a substitute teacher.

42. FISD discriminated against Mr. Rathee because of his race/national origin, and summarily terminated him without proper investigation or opportunity for Mr. Rathee to present his side of the story. In addition, FISD unjustifiably initiated a criminal process against Mr. Rathee by reporting the incident to the Frisco Police Department who then issued an illegitimate Trespass Warning.

43. FISD's actions violate 42 U.S.C. § 1981.

## VII. JURY DEMAND

44. Plaintiff requests a trial by jury on all issues, claims, actions and defenses in this case.

## VIII. DAMAGES

45. Plaintiff incorporates each of the foregoing paragraphs herein.

46. Defendant's actions violated 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a), which entitle Mr. Rathee to recover from FISD back pay, front pay, as well as pre-judgment as well as post-judgment interest. Mr. Rathee is also entitled to recover from FISD compensatory damages as provided for under 42 U.S.C. § 1981a(b)(1).

47. Because Defendant's actions were done with malice and/or reckless indifference to Mr. Rathee's federally protected rights, Mr. Rathee is entitled to recover punitive damages as provided for under 42 U.S.C. §1981a(b)(1).

48. Defendant's actions also violated 42 U.S.C. § 1981, which entitles Mr. Rathee to recover back pay and compensatory damages.

49. Because FISD's actions were done willfully and with gross disregard for Mr. Rathee's right, Mr. Rathee is also entitled to recover punitive damages.

50. Mr. Rathee seeks all damages available to him under federal law.

## IX. ATTORNEYS' FEES

51. Plaintiff incorporates each of the foregoing paragraphs herein.

52. Plaintiff was forced to engage counsel to protect his rights.

53. Plaintiff is entitled to recover reasonable and necessary attorneys' fees, costs of court, and reasonable expert fees and costs under 42 U.S.C. § 1988(b), 42 U.S.C. §§2000e-5(k), and 29 U.S.C. §2617(a)(3).

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that Defendant be summoned to appear and answer, and that on final trial, judgment be granted against Defendant, awarding him the following:

a. Back pay and Front pay (including benefits) as determined by a jury;

b. Compensatory and/or punitive damages as determined by a jury, in the maximum amount allowed by law;

c. Punitive damages as determined by a jury in the maximum amount allowed by law;

d. Prejudgment and post-judgment interest, in the maximum amount allowed by law;

e. Reasonable Attorneys' fees, expert fees, and costs of suit; and

f. Any further legal and equitable relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Vincent J. Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti

    State Bar No. 24062803
**The Bhatti Law Firm, PLLC**
14785 Preston Road, Suite 550
Dallas, TX 75254
Telephone: (214) 253-2533
Facsimile: (214) 204-0033
vincent.bhatti@bhattilawfirm.com
ditty.john@bhattilawfirm.com

**ATTORNEYS FOR PLAINTIFF LAKHAM RATHEE**